RODGERS ET AL., Petitioners, v. McCOY, Respondent.

**Constitutional Law — Legislative Power — Licensing Peddlers.**

Section 80, chap. 28, Pol. C., § 2433, Comp. L., requiring peddlers of "merchandise not manufactured within the limits of this territory," to pay a license, is unconstitutional as a discrimination against goods manufactured in other states and territories.

(Submitted and determined at the May Term, 1889.)

THIS was an original proceeding in *habeas corpus*.

The petitioners for the writ were Charles D. C. Rodgers and George A. Shipton. It was alleged in the petition that they were illegally imprisoned in the town of Lokota, Nelson county, Dakota, by Frank K. McCoy, sheriff, under a joint final sentence and commitment by a justice of the peace of that county, for "having peddled and sold from house to house, jewelry, contrary to the provisions of section 2433," Comp. L. of Dakota. There was a stipulation that the sole ground of the detention was under and by virtue of this commitment.

Section 2433 is as follows: "A tax of $30.00 for territorial purposes shall be levied upon each peddler of watches, clocks, jewelry or patent medicine, and all other wares and merchandise not manufactured within the limits of this territory, for a license to peddle throughout the territory for one year." The next section provided for obtaining the license, and the one following, the penalty for omitting to obtain it.

*W. H. Standish*, for petitioners.

The question involved is, does section 80, chap. 28, Pol. C., § 2433, Comp. L., discriminate against wares and merchandise not manufactured in this territory. There can be no doubt but that it does. See Robbins v. Taxing District, 120 U. S. 489, 7 Sup. Ct. Rep. 592; Corson v. Maryland, 120 U. S. 502, 7 Sup. Ct. Rep. 655; Ward v. Maryland, 12 Wall. 418; Stockton Laundry Case, 26 Fed. Rep. 611; City v. Pelton, 18 Pac. Rep. 954; Fecheimer v. City, 2 S. W. Rep. 65; City v. Blum, 12 N. W. Rep. 266; O'Brien v. Krentz, 30 id. 485; State v. Harris, 8 Pac. Rep. 462.

*M. N. Johnson*, for respondent.

By the COURT:

The judgment and sentence of the court below is declared to be null and void, and the petitioners are ordered to be discharged from custody on the ground that the statute under which they were tried and sentenced is unconstitutional and void, as it attempts to discriminate in the sale of goods, wares and merchandise manufactured in other states and territories. All concur.